## Commonwealth v. Schweibinz

*John Deutsch*, Assistant District Attorney, for Commonwealth.

*Roger N. Nanonic*, for defendant.

CAMPBELL, P. J. (specially presiding), July 8, 1960.—On October 25, 1957, an information was filed before Jeremiah R. Trump, a justice of the peace, charging defendant with speeding under the appropriate section of The Vehicle Code. On October 28th, the justice of the peace mailed the usual notice to appear, which defendant received on October 29, 1957. On November 12, defendant entered a plea of not guilty and entered into a full hearing, after which defendant was adjudged guilty. Defendant appealed, which appeal was allowed by the court on November 18, 1957, and the appeal was filed to the above number and term the following day. Sometime later, the exact date being unknown, the justice of the peace sent to

the clerk of quarter sessions a regularly designed and printed "automobile transcript." The clerk, noticing that the information and notice to appear was not attached thereto, without docketing the same, returned the transcript to the justice of the peace, who, without amending or modifying or changing the transcript in any way, attached the notice to appear, the information and return receipt card thereto and returned them to the clerk of the court, who filed them on February 20, 1958, to no. 15, April sessions, 1958. Subsequent to the return of the original "automobile transcript," but before it was returned the second time with notice to appear and information and return receipt card attached, counsel for defendant filed a motion to quash the information, the transcript of record and the entire proceedings.

The specific question involved is whether or not a justice of the peace, who inadvertently fails to send to the clerk of courts part of his record, may later mail in the balance of the same to complete it? We hold in the affirmative.

The jurisdiction of the justice of the peace over the subject matter and of the person is not questioned by defendant and is not at issue here. After receiving a copy of the information and notice to appear, defendant did appear and was afforded a complete hearing on the merits. He then sought an appeal on the merits which was allowed by the then president judge of this court. Defendant now seeks to quash the proceedings on the technical grounds of the failure of the justice of the peace to mail to the clerk of the quarter sessions all portions of his record at one time.

Able counsel for the Commonwealth and for defendant have filed extensive briefs raising numerous and intricate questions involving returns of transcripts of justices of the peace and the time at which they are considered filed. We do not propose to compre-

hensively review the law and to write an exhaustive opinion in this case as to what must be included in a transcript to be filed, or whether or not the furnishing of an additional portion of the record of the justice constitutes an amendment, or review the powers of the court with respect thereto, or at what specific instant a paper can be termed filed when mailed to a court officer or whether a motion to quash can be successfully made after an appeal on the merits. This might be interesting to the intellectual student of the law in writing a law review article, but we deem it unnecessary in the disposition of this case. We propose to adopt a common sense point of view by asking the question first: What is the purpose of the filing of a transcript? Is it not to form the basis of an adjudication by the court on the particular question raised by the party claiming to have suffered injustice? In this case the original transcript as filed contained the information that defendant appeared, pled not guilty, was found guilty by the justice of the peace and contained a resume of the testimony upon which he based his decision. Defendant did not challenge the jurisdiction, and the "automobile transcript" as originally filed was sufficient to form the basis of the hearing de novo before the court of quarter sessions on the merits. Even if we would start with the premise that this was not complete and that a transcript should have attached thereto the information, the notice to appear and the return receipt card signed by defendant, we think it perfectly proper, should they become material, for the court to order their return by the justice of the peace. We are not concerned here in any way with the problem of having to correct any portion of the record of the justice of the peace. It is not alleged that any changes or corrections were made by the justice of the peace. The court of quarter sessions certainly has the right, where a diminution in the

record is alleged, to require the justice of the peace to complete it. Suppose the justice of the peace had returned no transcript. It is absurd, we think, to hold that the court of quarter sessions could not compel the justice of the peace to file it. If a portion of his record were missing, we think the court would likewise have the power to require its being filed.

While there appears to be some variance in the lower court cases, there is good authority for the fact that a justice of the peace may make an amended return in order to supply omissions from the record originally returned. The facts in the case of Wilson v. Commonwealth, 22 Dist. R. 999, are almost identical with the car at bar in that the justice of the peace failed to attach the information and warrant to the transcript. Counsel for defendant may argue this can only be done by allowance of court and was so allowed in this case, but there is nothing to prevent the Commonwealth in this case from petitioning for the right to have additional items of the record of the justice of the peace filed if defendant insists that the court's allowance should be secured. Both this petition and the motion to quash could be considered together and disposed of in one opinion as was done in the case of Commonwealth v. Bennett, 32 D. & C. 542. As was aptly stated by Judge Sheely in this case:

"The right to amend has been liberally construed not only as applied to pleadings, but also as applied to sheriffs' and constables' returns and to transcripts of justices of the peace. The courts are more concerned with substance than with form and there seems to be no good reason why a record which is defective in form should not be amended to show the true facts, particularly where the rights of the parties are not prejudiced by the amendment."

Amendments have been allowed even after certiorari and after transcript filed. See Ristau et ux. v. Crew

Levick Co., 109 Pa. Superior Ct. 357; Herron v. Corbett, 22 D. & C. 595; Jobe v. Fullaytar, 64 Pitts. L. J. 477; Carringer—Summary Convictions, page 75.

We submit that counsel have taken bald statements from leading textbook authorities[1] and the holdings from some lower court cases[2] to the effect that a justice of the peace can amend a transcript while in his possession but not after it is filed, unless with the permission of the court, and have read into them some magical significance to the act of filing a transcript in court and the necessity of the court's permission. We do not believe either of these points to be absolutely controlling or prerequisite. Courts are interested in protecting the rights of the parties involved. Certainly, no amendment would be permitted in a transcript which would change the cause of action or deprive defendant of a jury trial or otherwise prejudice his fundamental rights. On the other hand, we see no harm in allowing an amendment to conform the record to the actual facts in matters that are formal and where the rights of the parties are not prejudiced by the amendment.

To summarize on this point, we hold that the return of a portion of a transcript originally omitted by the justice of the peace is not an amendment of his transcript but merely the furnishing of an additional portion thereof, and that even if we assume that it does constitute an amendment, we hold it to be a proper one and, therefore, allow it without the necessity of a formal petition by the district attorney.

It appears in this case that the clerk of court returned the original "automobile transcript" to the justice of the peace in order that he might attach the

---

[1] Carringer—Summary Convictions, page 75; Binn's Justice, Part 2, p. 171.

[2] Commonwealth v. Enders, 45 Dauph. 29; Commonwealth v. Shotkin, 33 D. C. 543.

information, notice to appear and the return receipt card. This practice we do not condone. We would admonish the clerk to docket and file whatever is returned to him as and when received in his office in order to avoid the possibility of the alteration of records and to promote an orderly disposition of proceedings of this nature. Fortunately, there is no indication or averment here that any changes or alterations were made in the various portions of the transcript as they were filed.

The irregularity about which defendant is complaining occurred subsequent to the date of his appeal. Should he then be limited to questions of fact and waive all irregularities of service and procedure? Should he be bound by the frequently quoted principle that when an appeal is taken it constitutes a waiver of formal defects? We see no harm in holding that defendant is so limited so long as fundamental questions of jurisdiction of the person and subject matter are not involved. Defendant asked for a review of his case on the merits. Although this is discretionary with the court, this has been granted and the opportunity awaits him. At most this case involves a harmless procedural matter as the result of which defendant should not be allowed to benefit. For these reasons the motion to quash is refused.

And now, to wit, July 8, 1960, an exception is noted and bill sealed for defendant.